# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EAT MORE PRODUCE, LLC,**

        **Plaintiff,**

**v.**                                                   **Case No:   6:13-cv-432-Orl-31TBS**

**SECRETARY, DEPARTMENT OF**
**HOMELAND SECURITY; DIRECTOR,**
**CITIZENSHIP AND IMMIGRATION**
**SERVICES; and DIRECTOR, TEXAS**
**SERVICE CENTER,**

        **Defendants.**

_____

# ORDER

This matter comes before the Court without a hearing on the motions for summary

judgment filed by the Plaintiff (Doc. 20) and the Defendants (henceforth, the "Government")

(Doc. 19), the responses to those motions (Doc. 23, 24), and the reply (Doc. 25) filed by the

Government.   The Plaintiff did not file a reply to the Government's response.

## I.     Background

The Plaintiff, Eat More Produce, LLC ("Eat More Produce"), is a Florida company

engaged in wholesale and retail produce sales.   Eat More Produce is affiliated with a Canadian

company, 2099471 Ontario Ltd. (henceforth, "Eat More Produce Canada"), which specializes in

growing, selling, and distributing produce.   Both companies are owned and controlled by Donald

Troy Gage (henceforth, "Gage") and his wife.   Gage, a Canadian citizen, is president of both

companies.

On September 6, 2012, Eat More Produce filed a Form I-140, Petition for Alien Worker,

on behalf of Gage, seeking permanent residency for him on the grounds that he was a multi-

national executive or manager under 8 U.S.C. § 1153(b)1)(C).   United States Citizenship and

Immigration Service ("USCIS") denied the petition on January 25, 2013.   On March 18, 2013,

Eat More Produce filed the instant suit pursuant to 28 U.S.C. §1361, which confers jurisdiction

over any action in the nature of mandamus against an officer or employee of the United States.

Eat More Produce argues that the denial was arbitrary and capricious under the Administrative

Procedures Act ("APA"), 5 U.S.C. § 706(2)(A).

##        II.     Legal Standards

Even in the context of summary judgment, an agency action is entitled to great deference.

*Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs,* 87 F.3d 1242,

1246 (11th 1996).   "Under the Administrative Procedures Act, a court shall set aside an action of

an administrative agency where it is arbitrary, capricious, or an abuse of discretion."   *Id.*; 5 U.S.C.

§ 706(2)(A) (stating that the reviewing court shall hold an agency's action, findings, or

conclusions unlawful if they are arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law).   Under the arbitrary and capricious standard, the court must consider

whether an agency's decision "was based on a consideration of the relevant factors and whether

there has been a clear error of judgment."   *Sierra Club v. Johnson*, 436 F.3d 1269, 1273-74 (11th

Cir. 2006) (quotation omitted).   The focal point for judicial review of an administrative agency's

action is the administrative record.   *Preserve*, 87 F.3d at 1246.   The reviewing court does not

"conduct its own investigation and substitute its own judgment for the administrative agency's

decision."   *Id.*   Instead, the court is "to decide, on the basis of the record the agency provides,

whether the action passes muster under the appropriate APA standard of review."   *Id.*   (quotation

omitted).

**III.     Analysis**

The Immigration and Nationality Act, 18 U.S.C. §§ 1101–1537, gives preference for allocation of visas to, *inter alia*, certain employment-based immigrants.   One such preference is given to an alien who, in the three years preceding the alien's application for classification and admission into the United States, has been employed for at least one year by a corporation and seeks to enter the United States in order to continue to render services to the same employer or to a subsidiary in a "capacity that is managerial or executive".   8 U.S.C. § 1153(b)(1)(C).

The term "managerial capacity" means an assignment within the organization in which the employee primarily:

> (i)     manages the organization, or a department, subdivision, function, or component of the organization;
>
> (ii)     supervises and controls the work of other supervisory, professional, or managerial employees, or manages an essential function within the organization, or a department or subdivision of the organization;
>
> (iii)     if another employee or other employees are directly supervised, has the authority to hire and fire or recommend those as well as other personnel actions (such as promotion and leave authorization) or, if no other employee is directly supervised, functions at a senior level within the organizational hierarchy or with respect to the function managed; and
>
> (iv)     exercises discretion over the day-to-day operations of the activity or function for which the employee has authority.
>
> A first-line supervisor is not considered to be acting in a managerial capacity merely by virtue of the supervisor's supervisory duties unless the employees supervised are professional.

8 U.S.C. § 1101(a)(44)(A).

The term "executive capacity" means an assignment within the organization in which the employee primarily:

| | |
|---|---|
| (i) | directs the management of the organization or a major component or function of the organization; |
| (ii) | (ii) establishes the goals and policies of the organization, component, or function; |
| (iii) | (iii) exercises wide latitude in discretionary decision-making; and |
| (iv) | (iv) receives only general supervision or direction from higher level executives, the board of directors, or stockholders of the organization. |

8 U.S.C. § 1101(a)(44)(B).

In denying the petition, USCIS concluded that Eat More Produce failed to meet its burden of proving that Gage would be engaged in either a primarily managerial or primarily executive position.   In its motion, the Government argues that the "fundamental defect" in the petition filed by Eat More Produce was a failure to provide detailed job descriptions to show that Gage "would be relieved of performing daily, routine tasks."   (Doc. 19 at 12).   Instead, the Government argues, Eat More Produce only provided a general job description, explaining that Gage "monitors daily price changes and sales," "approves purchases," "directs his management team to implement improvements," and "reviews reports of wholesale purchases."   (Doc. 19 at 13).   The sum total of Eat More Produce's submission, in the Government's view, was that Gage was primarily engaged in operational activities rather than in a managerial or executive capacity.   (Doc. 19 at 13).

In its response to the Government's motion, Eat More Produce asserts that "[t]he administrative record compels the conclusion that the position offered" to Gage does not require him to perform operational tasks but instead each of the business's functions "has its own management staff and it is this management staff that answers to the position offered" to Gage. (Doc. 24 at 12).   However, Eat More Produce does not cite to (or quote) any such evidence in the

administrative record, much less explain how the evidence should have compelled USCIS to reach this conclusion.

Eat More Produce also argues that its petition should have been approved on the grounds that Gage was the manager of an essential function, per 8 U.S.C. § 1153(b)(1)(C)(ii).   (Doc. 24 at 12).   Eat More Produce contends that the administrative record establishes that its operation incorporates a number of essential functions, which Gage would oversee but which he would not be performing.   (Doc. 24 at 12).   However, the Petitioner provides no record citations to support these contentions.   More importantly, the Government asserts (and Eat More Produce does not dispute) that this manager-of-an-essential function argument was not raised below.   The parties disagree as to whether the normal requirements of exhaustion of administrative remedies apply to this argument.   However, the Court need not resolve that issue here.   The larger issue is whether the denial satisfies the requirements of the APA, and one can hardly conclude that the USCIS acted arbitrarily or capriciously by failing to agree with an argument that the petitioner never actually made.

Finally, Eat More Produce points out that USCIS previously approved three Form I-129 petitions filed on Gage's behalf and suggests that, because the criteria for approval of a Form I-129 is similar to the criteria for approval of a Form I-140, USCIS has already essentially conceded that Gage met the requirements for the latter.   However, because approval of a Form I-140 results in the provision of a green card and permanent residency to the beneficiary, USCIS subjects them to much greater scrutiny than that given to a Form I-129, which only provides for temporary residency.   Moreover, the law is clear that when considering a Form I-140, USCIS is not bound by a prior determination as to managerial or executive status.   *See*, *e.g.*, *Nat'l Hand Tool Corp. v. Pasquarell*, 889 F.2d 1427, 1476 (5th Cir. 1989) (stating that "NHT's argument on this issue

would seem to require the INS to be bound by its initial determination that an employee is a manager for purposes of granting a temporary visa when an application for a permanent visa is filed. We are convinced that such a result was not intended by Congress.").

**IV.     Conclusion**

Eat More Produce has not shown that the denial of the Form I-140 was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.   Accordingly, it is hereby

**ORDERED** that the Motion for Summary Judgment filed by the Plaintiff (Doc. 20) is **DENIED,** and the Motion for Summary Judgment filed by the Defendants (Doc. 19) is **GRANTED**.   The decision below is **AFFIRMED.**   The Clerk is directed to enter judgment in favor of the Defendants and against the Plaintiff, and close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 25, 2014.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party